IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFF SASS,

        Plaintiff,

    v.

STATE OF OREGON DEPARTMENT OF CORRECTIONS,

        Defendant.

Case No. 3:17-cv-00983-JE

FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

This mandamus action comes before the court on Defendant's Motion to Dismiss the case for lack of subject matter jurisdiction and for failure to state a claim. For the reasons which follow, Defendant's Motion should be granted.

## BACKGROUND

Plaintiff alleges that he was not given credit for time served with respect to a criminal conviction in Klamath County. Specifically, he claims that although he served time in the

Klamath County Jail between November 23, 2015 and December 15, 2015, he was not awarded credit for any of those days. He asks the court to require Defendant to properly calculate his state sentence.

## **STANDARDS**

When a defendant moves to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court does, indeed, have jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994). The court will grant Defendant's Motion if the Complaint fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). Alternatively, a defendant may seek dismissal under Rule 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint. *Id.* Once the defendant has introduced such evidence, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 3 (citation omitted).

Dismissal is also appropriate if Plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the Complaint and any attached exhibits. *Id* at 1484. Allegations of fact in the Complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court also must draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

Defendant first asks the court to dismiss this case for lack of subject-matter jurisdiction because mandamus is not an

3 - FINDINGS AND RECOMMENDATION

appropriate remedy. Although Plaintiff brings this suit against a state agency, he is actually asking the court to order the appropriate state official to calculate his sentence in what he perceives to be the correct manner. Federal courts lack mandamus authority to direct state officials regarding the performance of their duties, and a petition for mandamus requesting such relief is frivolous as a matter of law. *See Demos v. U.S. District Court,* 925 F.2d 1160, 1161-62 (9th Cir.), *cert. denied,* 498 U.S. 1123 (1991); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984). In this respect, Defendant's Motion to Dismiss for lack of subject-matter jurisdiction is well taken.

Perhaps recognizing this, in his Response to the Motion to Dismiss, Plaintiff asks the court to liberally construe his pleading to be a 42 U.S.C. § 1983 Complaint that states a violation of his Fourteenth Amendment right to due process. Even if the court were to liberally construe the mandamus Petition as Plaintiff asks, a § 1983 is also not a viable remedy for him. Where a state prisoner raises a claim pertaining to the length of his confinement such that a decision in his favor will result in speedier release, his sole remedy in federal court is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411

U.S. 475, 489-90 (1973). The court should not convert this case to a habeas corpus action because, while Plaintiff claims that he exhausted his administrative remedies, it appears that he has not exhausted his available state—court remedies such that this case is premature. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982) (a petitioner must fairly present his claims to the highest court in the state before filing for federal habeas relief). For all of these reasons, the court should dismiss this case for lack of subject matter jurisdiction.

## **RECOMMENDATION**

Defendant's Motion to Dismiss (#8) should be granted, and the court should enter a judgment dismissing this case without prejudice to Plaintiff's right to bring a habeas corpus case pertaining to the calculation of his sentence once he has exhausted his available state-court remedies.

## **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the

response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 12th day of December, 2017.

                                      /s/ John Jelderks
                                      John Jelderks
                                      United States Magistrate Judge